IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLARENCE MITCHELL, | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) Crim. No. 08-23-SLR |
| v. | ) Civ. No. 10-65-SLR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

**MEMORANDUM OPINION**

---

Clarence Mitchell. Pro se movant.

Shawn Weede. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Counsel for respondent.

---

March 21, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Clarence Mitchell ("movant") is a federal inmate currently confined at the Federal Medical Center Devens, in Ayer, Massachusetts. Movant timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 71; D.I. 77) Respondent filed an answer in opposition (D.I. 83), to which movant filed a response (D.I. 89). Movant also filed multiple supplements to his § 2255 motion. (D.I. 95; D.I. 99; D.I. 102) For the reasons discussed, the court will deny movant's § 2255 motion without holding an evidentiary hearing.

## II. BACKGROUND

Wilmington Police Department ("WPD") Detectives Todd Riley and Robert Cunningham conducted a ten-week undercover investigation of movant. *United States v. Mitchell*, 350 F. App'x 763 (3d Cir. 2009). On five separate occasions, an informant made controlled purchases of crack cocaine from movant. Following each purchase, members of the WPD covertly tailed movant in an effort to establish his residence. *Id*. After the third controlled purchase, officers followed movant, and he eventually drove to the residence at 3411 North Franklin Place. Officers observed movant enter the residence during subsequent surveillance. *Id*.

After the fifth controlled purchase, Detectives Riley and Cunningham applied for, and obtained, a search warrant for the residence at 3411 North Franklin Place. *Id*. On the morning of December 27, 2007, Detectives Riley and Cunningham, and approximately ten to twelve other officers, executed the search warrant and recovered approximately 4.5 ounces of cocaine; drug packing paraphernalia, including three

plastic bags with a white powdery residue and small plastic bags commonly used for packaging crack cocaine; approximately $6,415 in cash; and, underneath the mattress, a loaded .357 Sig Sauer firearm. *Id.* at 765.

After his arrest, movant gave two statements to law enforcement, both of which were videotaped and audio recorded. These statements were made after movant knowingly waived his *Miranda* rights twice --- once at his home, and a second time at the police station. (D.I. 183 at 2) Movant indicated that the .357 Sig Sauer found underneath his bed was his firearm, and that he bought it "on the street" about "three months" prior to his arrest. In particular, movant stated that he paid "two fifty" to some "Philly boys" who were coming "through the block" on Seventh Street. *Id.*

On February 5, 2008, a federal grand jury indicted movant on three counts: (1) possession of a firearm by a person prohibited, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2); (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(2).

On May 9, 2008, movant filed an amended motion to suppress evidence and statements, which the court denied on July 30, 2008. A two-day jury trial commenced on October 29, 2008. At the close of the government's evidence, movant filed a Rule 29 motion for judgment of acquittal; the court reserved judgment. After movant's case-in-chief, the jury deliberated and found movant guilty on counts two and three. Movant renewed his Rule 29 motion, which the court denied. Movant subsequently pled guilty to count one of the indictment.

2

The court sentenced movant to twenty-four months of imprisonment for counts one and two, and to sixty months of imprisonment on count three, to be served consecutively. Movant appealed, alleging that the district court erred in denying his amended motion to suppress and in denying his Rule 29 motion for judgment of acquittal. The Court of Appeals for the Third Circuit affirmed movant's convictions. See Mitchell, 350 F. App'x 763.

## III. DISCUSSION

Movant timely filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The arguments asserted in the § 2255 motion fall into one of the following two types of claims: (1) ineffective assistance of counsel; and (2) prosecutorial misconduct.

### A. Claim One: Ineffective Assistance Of Counsel

Movant has properly raised his ineffective assistance of counsel argument in the instant § 2255 motion rather than on direct appeal,[1] and the court must review the argument pursuant to the two-pronged standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under the first Strickland prong, movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. Strickland, 466 U.S. at 688. Under the second Strickland prong, movant must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." Id. at 687-96. Additionally, in order to sustain an

---

[1] See United States v. Garth, 188 F.3d 99, 107 n.11 (3d Cir. 1999); United States v. Cocivera, 104 F.3d 566, 570 (3d Cir. 1996).

ineffective assistance of counsel claim, movant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Movant alleges that defense counsel was ineffective for the following reasons: (1) she misled him into thinking he was pleading guilty to count two in order to get him to sign certain stipulations, and then decided to go to trial on that count without consulting him (allegations one, two and six of claim one); (2) she failed to introduce evidence that he gave conflicting statements to the police (allegations three and eight of claim one); (3) she advised him not to testify at trial (allegation four of claim one); (4) she failed to file a motion to suppress on the basis that he was under a "tremendous amount of mental anguish" and was under the influence of "many mind altering prescription drugs" at the time he gave confessions to the police (allegation five of claim one); (5) she misinformed him as to whether his prior drug sales could be considered relevant conduct under the sentencing guidelines (allegation seven of claim one); and (6) she failed to properly advise him of the effect of good-time credit when serving a federal sentence of imprisonment (allegation nine of claim one).

### 1. Ineffective assistance with respect to the stipulations and failure to obtain a plea agreement on count two

In allegation one of claim one, movant asserts that counsel misled him into signing stipulations of guilt and caused him to believe he was pleading guilty to count

4

two, but then she unilaterally proceeded to trial on count two. In allegation two, movant repeats his contention that defense counsel unilaterally decided to proceed to trial on count two without his knowledge or consent. And, in allegation six, movant asserts that defense counsel did not provide a zealous and loyal defense because she had movant sign a stipulation regarding his guilt without obtaining a guilty plea agreement.

These three allegations stem from the following conduct. Prior to trial, movant signed stipulations indicating that he possessed the cocaine found in his garage with the intent to distribute it, and that he possessed the firearm found underneath his bed. However, movant asserts that he only signed these stipulations because he believed he was pleading guilty to counts one and two, and that these pleas would have resulted in him receiving a three-level reduction to his offense level at sentencing. According to movant, once he signed these stipulations, defense counsel unilaterally decided to proceed to trial on count two without consulting him, thereby denying him the chance to choose between proceeding to trial or pleading guilty.[1]

The instant three allegations are unavailing. First, the government explicitly asserts that there never was any plea agreement with respect to count two, and movant has not provided any evidence to support his contention that a plea agreement was

---

[1] The government states that movant attempts to establish prejudice by arguing that defense counsel's action prevented him from receiving the three-level reduction at sentencing for acceptance of responsibility. (D.I. 83 at 9-10) In his response, movant asserts that he never stated that he never received the three-level reduction for acceptance of responsibility. (D.I. 89 at 2) Given movant's explanation, the court will not address the three-level reduction issue as part of movant's prejudice argument. Nevertheless, the court notes that movant did receive a three-level reduction to his offense level; even though he did not enter into a formal plea agreement with the government as to count two, by not contesting the evidence relevant to that count, the probation office concluded that movant had accepted responsibility for his conduct.

5

entered, or even that a plea offer was extended. Significantly, contrary to movant's belief, defense counsel's statement to the court on October 30, 2009 regarding the stipulation and lack of a plea agreement on count two, wherein counsel stated "I guess it could have been a plea" (D.I. 64 at 115), does not, as movant contends, amount to counsel's admission that a "plea existed on count two which was the reason for the signed stipulation of guilt." (D.I. 59 at 1) Rather, defense counsel's statement indicates that, while there could have been a plea, there was not. Moreover, when pleading guilty to count one, movant stated under oath that no other promises were made to him, and that the written agreement to plead guilty to count one accurately reflected his agreement with the government. (D.I. 64 at 114-15) At no point during the plea colloquy for count one did movant state that he had an agreement to plead guilty to count two. *Id.* Given this record, movant's unsupported assertion fails to establish that counsel acted "unilaterally" in proceeding to trial.

Turning to the prejudice prong of *Strickland*, movant's contention that counsel's "unilateral action" deprived him of the ability to choose between going to trial and pleading guilty fails to establish prejudice, because he has failed to demonstrate a reasonable probability that he would have accepted a plea offer on count two. Movant also appears to contend that the prejudice he suffered as a result of defense counsel's "proceeding to trial without consulting" him was that he faced the risk of a "9 to 12 year prison sentence." (D.I. 95 at 3) However, considering that movant was actually sentenced to 24 months on count two, the unrealized risk of being sentenced to a higher sentence does not establish prejudice under *Strickland*.

6

Thus, not only has movant failed to demonstrate that defense counsel acted in the way he describes, but he has also failed to demonstrate prejudice. Accordingly, the court will deny as meritless allegations one, two and six of claim one.

### 2. Failure to introduce evidence of movant's contradictory police statements

While being interviewed by police on the day of his arrest, movant stated that he would bring his firearm with him when he went to "hustle" in the area of Seventh and Monroe. However, in an earlier interview, movant stated that he did not carry his firearm with him, but kept it in the house. In allegations three and eight of claim one, movant contends that defense counsel failed to introduce evidence, or cross-examine the testifying detective, about these contradictory statements he made to law enforcement officers. Movant asserts that defense counsel should have introduced evidence of this earlier, seemingly contradictory, statement to the jury to show that he did not carry the firearm with him when he performed drug deals and, thus, he did not possess the firearm in furtherance of drug trafficking activity.

Movant's argument fails to satisfy either prong of *Strickland*. In her affidavit responding to movant's contentions, defense counsel explains that she did not introduce evidence that movant gave contradictory statements to the police because it would have undercut her trial strategy. Defense counsel describes how, after his arrest, movant gave a videotaped confession admitting: (1) that he possessed the firearm underneath his bed; (2) that he possessed and sold cocaine; and (3) that he would bring his firearm with him when he would "hustle" at Seventh and Monroe. Given these admissions by movant, defense counsel's trial strategy was to argue that movant had

been entirely truthful with the arresting officers and that he accepted responsibility for his criminal conduct with respect to the firearm and drugs. She also intended to argue that his use of the word "hustle" did not mean that he sold drugs; rather, he used the word "hustle" to refer to other activities that he took part in, including selling fish and gambling. Defense counsel presented defense witnesses who testified that movant sold fish and gambled at Seventh and Monroe Streets.

Given her strategy, defense counsel believed that introducing evidence of movant's contradictory statements could cause the jury to infer that movant was a liar, rather than the truthful but misunderstood individual she intended to portray him as being. Counsel asserts that she discussed this trial strategy with movant on multiple occasions, and that he agreed with it. After considering defense counsel's decision not to introduce the contradictory statements in the aforementioned context , the court concludes that defense counsel's decision was objectively reasonable.

In addition, movant cannot demonstrate that he suffered prejudice as a result of defense counsel's decision. Assuming, arguendo, that movant only kept his firearm in his house and never brought it with him when he went out to "hustle," there was enough substantial other evidence presented at trial from which the jury could reasonably conclude that movant possessed the firearm in furtherance of drug trafficking activity. For instance, the evidence established the following: (a) the firearm was found loaded and ready for use; (b) it was located in an easily accessible place – underneath the mattress where movant slept; (c) movant's possession of the firearm was illegal and he purchased it on the street; (d) the firearm was found in the same house with $6,415 in cash and drug packaging paraphernalia, near the garage where movant hid his cocaine

8

supply; and (e) movant bought the firearm because he was worried about being robbed. Given these circumstances, a rational trier could reasonably conclude that movant possessed the firearm in his house to protect his drug supply and proceeds, which constitutes a violation of 18 U.S.C. § 924(c). Thus, even if defense counsel had introduced movant's contradictory statement into evidence, movant cannot demonstrate a reasonable probability that the jury would have rendered a different verdict for count three. Accordingly, the court will deny allegations three and eight.

### 3. Failure to permit movant to testify on his own behalf

In his fourth allegation, movant contends that counsel erred by advising him not to testify in his own defense. Movant states that his testimony would have "enlightened the jury as to the conflicting statements he made to the detectives and [would have] addressed the serious issues of his mental state at the time of his arrest and interrogation." (D.I. 75 at 10) This argument, however, fails to satisfy either prong of *Strickland*. Movant had given an extensive confession to the police, which included specific information regarding his drug dealing, where he purchased the firearm, and how he used the firearm. Movant also appeared lucid and coherent when he gave this confession. If movant testified that the statements he made in his videotaped confession were wrong, or that he was not in his right mind when he made these statements, the jury could reasonably have determined him not to be credible. Moreover, in her affidavit, defense counsel explains that, while she advised movant not to testify, she informed movant that the decision to testify was his own. Given all of these circumstances, the court concludes that defense counsel's advice was objectively reasonable.

9

In addition, movant's vague and conclusory assertions that his testimony would have changed the outcome of his trial are insufficient to establish that he was prejudiced by counsel's advice. Accordingly, the court concludes that counsel did not provide ineffective assistance in the manner asserted in allegation four.

### 4. Failure to file a motion to suppress police statements on voluntariness grounds

In his fifth allegation, movant asserts that he was not in his right mind when he made the statements to the police after his arrest, because he was under the influence of certain prescription medication and was suffering from depression and stress. Consequently, movant contends that defense counsel was ineffective for failing to file a motion to suppress his statements on the ground that they were involuntarily given.

In order to determine if an accused's confession or police statement was voluntary, a court must determine whether the confession was "the product of an essentially free and unconstrained choice by its maker," that it was "the product of a rational intellect and a free will," and that the accused's will was not "overborne." *United States v. Swint*, 15 F.3d 286, 289 (3d Cir. 1994). Determining if a confession was voluntary requires looking at the totality of circumstances, including the length of the interrogation, whether *Miranda* warnings were provided, the defendant's mental state, and the defendant's age, background, and experience with the criminal justice system. *See United States v. Jacobs*, 431 F.3d 99, 108-09 (3d Cir. 2005). The conduct of the police during the interrogation is another critical factor in this analysis, because a "necessary predicate to a finding of involuntariness is coercive police activity." *Id.*

10

As an initial matter, movant cannot demonstrate that his statement was the product of "coercive police activity" that impaired his capacity for self-determination. Movant was read his *Miranda* warnings before the interview began, and he waived those warnings verbally and by signing a written waiver form. At the time of the interview, movant was a competent adult who had graduated high school, he could read and write, and he had experience with the criminal justice system. Movant does not identify any coercive police activity during his interview and, contrary to movant's assertions, nothing in the taped interview suggests that he was mentally unsound, or under the influence of any "mind altering" drugs. (D.I. 85) Notably, just a short time before his interview, movant was able to show the police where his cocaine, drug proceeds, and two guns were located in or around his residence. Given these circumstances, movant cannot demonstrate a reasonable probability that he would have prevailed if defense counsel filed a motion to suppress his police statements on voluntariness grounds.

For the same reasons, movant cannot demonstrate that counsel unreasonably decided not to file a motion to suppress on voluntariness grounds. Defense counsel explains in her affidavit that she reviewed movant's videotaped confession numerous times. Based on her review, movant did not appear to be of unsound mind or under the influence of any drugs during his interviews. This decision was reasonable, especially when viewed in light of the governing standard set forth above.

Thus, movant has failed to satisfy either prong of *Strickland* with respect to the instant allegation. Accordingly, the court will deny allegation five of claim one.

### 5. Failure to properly advise about relevant conduct

In his seventh argument, movant contends that defense counsel erroneously told him that the government was not likely to introduce evidence of his prior drug sales to increase his offense level under the relevant conduct provision of the sentencing guidelines, and that he was prejudiced by this advice. Specifically, movant asserts that he would have accepted a plea offer to count three if he had known that the government was going to introduce such evidence, because a plea would have resulted in a flat sixty-month sentence of incarceration.

This argument is unavailing for two reasons. First, movant has failed to demonstrate that counsel's advice was objectively unreasonable or that there is a reasonable probability that the outcome of his proceeding would have been different but for such advice. Counsel told movant she did not believe the government would attempt to prove such conduct, and her prediction turned out to be true – the government did not introduce evidence of the movant's prior drug sales as relevant conduct to enhance his offense level. In fact, during movant's sentencing hearing, the court stated that it was not inclined to impose a higher sentence, even if the government provided evidence that movant sold drugs in the months leading up to his arrest. Thus, counsel's advice did not rise to the level of ineffective assistance because the government did not introduce any evidence of movant's prior drug sales, and the court calculated movant's sentencing guideline range without taking such relevant conduct into account.

The second reason movant's instant allegation fails is that the government never extended a plea offer regarding count three, and never offered a flat sixty-month

sentence. Thus, movant cannot establish prejudice under *Strickland*, because he could not have accepted a plea offer that did not exist.

### 6. Failure to provide advice about good-time credit

In his last ineffective assistance argument, movant contends defense counsel failed to inform him that he could receive good-time credit on his sentence if he accepted a plea to count three. According to movant, such good-time credit would have reduced his sentence to fifty-one months (as opposed to sixty months without), and if he had known about this possibility, he would have pled guilty to count three instead of going to trial. This argument, however, lacks merit because the government never extended movant a plea offer to count three. Moreover, movant's bare assertion does not demonstrate a reasonable probability that he would have accepted such a plea offer even if one were made. *See Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 1409-10 (2012). Thus, the court will deny allegation six.

### B. Claims Two, Three, and Four: Prosecutorial Misconduct

Movant's remaining claims (claims two, three, and four) assert the following allegations of prosecutorial misconduct: (1) the government breached a plea agreement; (2) the government obtained a conviction by a coerced confession; and (3) the government denied him a fair trial. For the following reasons, the court will deny these claims as procedurally barred.

It is well-settled that "habeas review is an extraordinary measure and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Where, as here, a movant has failed to raise a claim at sentencing and on direct appeal, he may not obtain collateral review for that claim unless he demonstrates

13

cause for, and prejudice stemming from, the default, or he demonstrates actual innocence. *United States v. Frady*, 456 U.S. 152, 165-68 (1982). Cause exists where "a factor external to the defense prevented a defendant from complying with the procedural rule," and actual prejudice exists where "the error actually worked a substantial disadvantage to a defendant." *United States v. West*, 312 F. Supp. 2d 605, 611 (D. Del. 2004).

The record reflects that movant did not raise these claims at sentencing or on direct appeal. He has not provided an explanation for his procedural default of claims two, three, and four, nor has he asserted his actual innocence. Accordingly, the court will deny these claims as procedurally barred.

## IV. EVIDENTIARY HEARING

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that movant is not entitled to relief because his argument lacks merit. Therefore, the court will deny movant's § 2255 motion without an evidentiary hearing.

## V. PENDING MOTIONS

Movant filed several motions during the pendency of this proceeding. The court will grant movant's motions requesting permission to supplement his § 2255 motion, and notes that it considered the supplemental information contained therein when it

14

reviewed the instant § 2255 motion. (D.I. 95; D.I. 97; D.I. 99; D.I. 102) However, having determined that his § 2255 motion must be denied, the court will deny the following motions as moot: motion for an evidentiary hearing (D.I. 76); motion for subpoena duces tecum (D.I. 82); motion for bail pending determination of § 2255 motion (D.I. 100); and motion for disposition (D.I. 101).

## VI. CONCLUSION

For the reasons stated, the court will dismiss movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without an evidentiary hearing. Additionally, the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. *See* 28 U.S.C. § 2253(c)(2)("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; 3d Cir. L.A.R. 22.2 (2011). An appropriate order will follow.